UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00637 BRO (SKx)** | Date | March 17, 2017 |
|---|---|---|---|
| Title | **HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS)

**ORDER RE PLAINTIFFS' MOTION TO REMAND [14]**

**I.     INTRODUCTION**

Pending before the Court is Plaintiffs Health Pro Dental Corp. ("Health Pro") and Dr. William E. Ginzburg's ("Ginzburg") (collectively, "Plaintiffs") Motion to Remand. (*See* Dkt. No. 14 (hereinafter, "Motion" or "Mot.").) After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES** Plaintiffs' request for attorneys' fees.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

   **A.    The Parties**

Plaintiff Health Pro is a Nevada corporation with its principal place of business in California. (*See* Dkt. No. 1-2 (hereinafter, "Compl.") at 2, ¶ 5.)[1] Plaintiff Ginzburg, a resident of California, owns 100 percent of Health Pro's outstanding equity shares. (*Id.* at 2, ¶ 6.) Defendant Travelers Casualty Insurance Company of America ("Travelers" or "Defendant") is a corporation organized under the laws of the State of Connecticut, and maintains its principal place of business in Hartford, Connecticut. (Removal ¶ 10.)

---

[1] Following paragraph 57 on page 12 of the Complaint, the paragraph numbering does not proceed sequentially. (*See* Compl. at 12, ¶ 57.) The Court references the paragraphs as they are numbered in the Complaint, but, for clarity, also includes page numbers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00637 BRO (SKx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL. | | |

Defendant Michael Baker ("Baker") resides in the County of San Francisco, California and works as claim adjuster for Travelers. (Compl. at 3, ¶ 8; 5, ¶ 19; *see also* Removal ¶ 12.)

### B. Factual Background

On or about July 1, 2014, Travelers prepared and issued a custom insurance policy for Health Pro—Policy Number 680-5D327378-14-42[2] ("the Policy"). (*See* Compl. at 3–4, ¶ 10.) The Policy's aggregate coverage was four million dollars and covered two Health Pro dentist offices. (*See id.* at 4, ¶ 11; Ex. A at 22.) In August 2015, the Health Pro office located at 13155 Mindanao Way, Marina Del Rey, CA 90292, "sustained significant water intrusions," which resulted in extensive mold growth. (*See* Compl. at 4, ¶¶ 12–13.) Health Pro submitted a loss claim to Travelers; Jonathan L. Monk ("Monk") was the assigned claim professional and adjuster. (*See id.* at 4, ¶¶ 14–15.) Health Pro claims it provided "significant requested documentation" to Monk and Travelers, but Travelers failed to address its claim of loss. (*See id.* at 4, ¶ 17.)

In 2015, Travelers transferred Health Pro's loss claim from Monk to Baker. (*See id.* at 5, ¶ 19.) On February 12, 2016, Health Pro's counsel, Ginzburg, and Baker met to physically inspect the alleged damage. (*See id.* at 5, ¶ 23.) Plaintiffs allege that based upon this visit, Travelers sent a letter on March 7, 2016, which stated "coverage exists for water damage to our business personal property, including structural improvements/betterments owned by you caused by the 8/10/15 plumbing leak." (*See id.* at 6, ¶ 25; Ex. B.) On March 18, 2016, Travelers issued a payment in the amount of $46,526.63. (*See* Compl. at 6, ¶ 26.) In May 2016, Plaintiffs allege Travelers made numerous requests to conduct a fourth site visit. (*See id.* at 7, ¶¶ 28–30.) On May 14, 2016, Travelers issued a letter and payment for "mold remediation related to the 8/10/15 plumbing leak," in the amount of $46,526.63. (*See id.* at 8, ¶¶ 32–33.) In response,

---

[2] Plaintiffs' allegations in the Complaint reference an insurance policy numbered "680-5D327378-14-42." (*See, e.g.*, Compl. at 4, ¶ 11.) In Exhibit A attached to Plaintiffs' Complaint, the insurance contract reflects an original issue date of August 14, 2013. (*See* Compl., Ex. A.) The policy number listed in Exhibit A is "I-680-5D327378-ACJ-13." (*Id.*) Similarly, Travelers states that the policy number is "I-680-5D327378-ACJ-13." (*See* Opp'n at 3 (citing Compl., Ex. A.).)

Case 2:17-cv-00637-BRO-SK Document 23 Filed 03/17/17 Page 3 of 15 Page ID #:923

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00637 BRO (SKx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL. | | |

Health Pro e-mailed a Statement of Claim to Travelers on May 27, 2016, but Travelers failed to respond. (*See id.* at 8, ¶¶ 35–36.)

Plaintiffs claim that as a result of Travelers' delayed responses and payments, Heath Pro was unable to pay its rent "after August 2015," which resulted in "serious economic peril" and a threat of eviction. (*See id.* at 7, ¶ 30; 8, ¶¶ 31, 36.) In August of 2016, Health Pro was evicted and discontinued its dental practice at the Marina Del Rey location.[3] (*See id.* at 9, ¶¶ 38–39.)

### C. Procedural Background

Plaintiffs filed this action on December 28, 2016, in the Superior Court of the State of California, County of Los Angeles ("Los Angeles Superior Court"). (*See* Compl.) Plaintiffs allege the following causes of action: (1) breach of contract and declaratory relief; (2) breach of the covenant of good faith and fair dealing; (3) intentional infliction of emotional distress ("IIED"); (4) intentional interference with prospective economic relations; (5) unfair competition, in violation of Business & Professions Code Section 17200; and, (6) conspiracy to defraud and interfere with prospective economic relations. (*See id.* at 9–16, ¶¶ 40–79.)

Travelers[4] removed this action on January 26, 2017. (*See* Dkt. No. 1 (hereinafter, "Removal").) Additionally, Defendants filed the Declaration of Michael Baker in support of their Notice of Removal. (*See* Declaration of Michael Baker (Dkt. No. 4 (hereinafter, "Baker Removal Decl.").) Plaintiffs filed the instant Motion on February 16, 2017. (*See* Mot.) Travelers opposed Plaintiffs' Motion to Remand on February 27,

---

[3] In the Complaint, Plaintiffs provide the following two dates for Health Pro's eviction: (1) August 2016, (*see* Compl. at 9, ¶ 38), and (2) September 2016, (*see* Compl. at 9, ¶ 39). The Court finds the inconsistency immaterial to the Court's analysis of Plaintiffs' Motion.

[4] Plaintiffs initially named Travelers Property Casualty Company of America ("Travelers Property") as defendant in this action. (*See* Compl.) In the Removal papers, Travelers Casualty Insurance Company of America clarified that it, rather than Travelers Property, had issued the Plaintiffs' Policy. (*See* Removal at ¶¶ 9–10.) The parties subsequently stipulated to permit Plaintiffs to substitute Travelers Casualty Insurance Company of America in place of named defendant Travelers Property Casualty Company of America. (*See* Dkt. No. 16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00637 BRO (SKx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL. | | |

2017. (*See* Dkt. No. 18 (hereinafter, "Opp'n").) Defendants attached the Declaration of Michael Baker to their opposition. (*See* Declaration of Michael Baker (Dkt No. 18-1 (hereinafter, "Baker Remand Decl.").) Plaintiffs replied in support of their Motion on March 6, 2017. (*See* Dkt. No. 19.) Additionally, Plaintiffs filed a response containing evidentiary objections to Baker's Declaration on March 6, 2017.[5] (*See* Dkt. No. 20.)

## III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to the diversity statute, 28 U.S.C. § 1332. Under § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The United States Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court. This means removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction

---

[5] Plaintiffs object to paragraphs four and five of Baker's Remand Declaration, "as it offers evidence outside of what should be considered by the Court in the context of a motion to remand." (*See* Dkt. No. 20 (hereinafter, "Objections") at 2.). Further, Plaintiffs cite to authority regarding the standard for a motion to dismiss and judicial notice. (*See id.* at 1.) These arguments are unpersuasive and misplaced. For a motion to remand, the Court may look beyond the pleadings because "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also Johnson v. Sunrise Senior Living*, No. CV 16-00443 BRO (RAOx), 2016 WL 917888, at *4 (C.D. Cal. Mar. 8, 2016) ("In ruling on a motion to remand courts may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists, including summary judgment-type evidence."). Therefore, the Court **OVERRULES** Plaintiffs' objections and considers Travelers' proffered evidence.

Case 2:17-cv-00637-BRO-SK Document 23 Filed 03/17/17 Page 5 of 15 Page ID #:925

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00637 BRO (SKx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL. | | |

under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

There is an exception to the complete diversity rule for fraudulently joined or "sham" defendants. A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Fraudulent joinder exists, and the non-diverse defendant is ignored for purposes of determining diversity of the parties, if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.*; *accord Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "A merely defective statement of the plaintiff's action does not warrant removal." *Albi v. St. & Smith Publ'ns, Inc.*, 140 F.2d 310, 312 (9th Cir. 1944). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent." *Id.*

District courts may consider "the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339; *see also Ritchey*, 139 F.3d at 1318 (explaining that where fraudulent joinder is at issue, a district court may look beyond the pleadings because "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory"). Thus, a court may consider declarations and affidavits to determine whether "discrete and undisputed facts" would preclude recovery against the non-diverse defendants. *Hunter*, 582 F.3d at 1044. The Ninth Circuit adopted the view that because the party seeking removal bears the burden of demonstrating fraudulent joinder, "'the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.'" *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004)).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a

Case 2:17-cv-00637-BRO-SK   Document 23   Filed 03/17/17   Page 6 of 15   Page ID #:926

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00637 BRO (SKx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL. | | |

heavy burden to rebut the presumption against removal. *See id.* Nevertheless, removal is proper in cases involving a non-diverse defendant where the non-diverse defendant was fraudulently joined. *See Gardner v. UICI*, 508 F.3d 559, 560 (9th Cir. 2007).

## IV.  DISCUSSION

Plaintiffs seek to have the instant case remanded to the Los Angeles Superior Court on the basis that this Court lacks subject matter jurisdiction because the diversity of citizenship requirement is not met. (*See* Mot. at 1.) Defendants aver that remand is inappropriate because Plaintiffs fraudulently joined Baker as a Defendant, such that Baker's citizenship should not be considered for purposes of removal jurisdiction. (*See* Opp'n at 1–2.) For the following reasons, the Court finds that (1) Baker is not a sham defendant, (2) the parties are not completely diverse, and (3) the Court lacks subject matter jurisdiction.

### A.  The Unanimity Requirement

When a civil action is removed solely under § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *see United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (finding that "the usual rule is that all defendants in an action in a state court must join in a petition for removal"). Plaintiffs argue that removal is improper because Baker failed to consent to the removal, "even though Travelers' counsel acknowledges that he may represent him later and Baker knows about the action." (Mot. at 4.) Defendants contend the rule of unanimity is inapplicable because Baker was neither served nor consented at the time of removal; therefore, 28 U.S.C. § 1446(2)(A) does not apply. (*See* Opp'n at 15.)

Defendants removed this action on January 26, 2017. (*See* Removal.) On February 16, 2017, Plaintiffs filed their Remand Motion, raising the procedural defects

Case 2:17-cv-00637-BRO-SK Document 23 Filed 03/17/17 Page 7 of 15 Page ID #:927

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00637 BRO (SKx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL. | | |

noted above. (*See* Mot. at 5–6.) The Ninth Circuit held that "a party not served need not be joined" in a petition for removal. *See Salveson v. W. States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984). Further, even if "the original removal notice was defective because it wasn't signed by all defendants," the Court permits "defendants to cure this defect by amending the notice" prior to entry of judgment. *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002). Accordingly, the Court declines to remand based upon the unanimity requirement for removal.

### B. Whether Baker is a Sham Defendant

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Defendants have the burden of proving that Baker, a California citizen who would destroy diversity, is a sham Defendant "by clear and convincing evidence." *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *see also York v. Riddell, Inc.*, EDCV 15-02015-VAP (SPx), 2016 WL 738419, at *5 (C.D. Cal. Feb. 23, 2016) ("Defendants alleging fraudulent joinder must 'prove that individuals joined in the action cannot be liable on any theory.'" (quoting *Ritchey*, 139 F.3d at 1318)). When determining whether a Defendants' burden is met, the Court may look to the face of the Plaintiffs' Complaint, as well as to additional "summary judgment type evidence." *Morris*, 236 F.3d at 1068. Accordingly, if a "non-fanciful possibility" that Plaintiffs can state a viable state law claim exists, the Court must remand this action. *See Barsell v. Urban Outfitters, Inc.*, No. CV 09-02604 MMM (RZx), 2009 WL 1916495, at *3 (C.D. Cal. July 1, 2009). Further, because there is a strong presumption against removal, this Court "must resolve all material ambiguities in state law in [P]laintiff[s]' favor" when determining whether joinder is fraudulent. *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).

Plaintiffs asserted the following three causes of action against Baker: (1) intentional interference with economic advantage; (2) intentional infliction of

Case 2:17-cv-00637-BRO-SK Document 23 Filed 03/17/17 Page 8 of 15 Page ID #:928

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00637 BRO (SKx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL. | | |

emotional distress; and, (3) conspiracy to defraud and interfere.[6] (*See* Mot. at 4.) Plaintiffs argue Defendants' removal was improper because Baker is a California resident. (*See id.* at 1.) In response, Defendants aver that there are no viable claims against Baker because: (1) he "was not a party to the insurance agreement"; (2) "Plaintiffs' tort claims are barred by the economic loss rule"; and, (3) Ginzburg lacks standing to bring the state law claims. (*See* Opp'n at 1–2.)

However, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). Rather, "[t]he defendant must also show that there is *no possibility* that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Id.* (emphasis added) (internal quotation marks omitted). In other words, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011) (alterations and internal quotation marks omitted); *see also Rader v. Sun Life Assurance Co. of Can.*, 941 F. Supp. 2d 1191, 1194 (N.D. Cal. 2013) ("The defendant must demonstrate that plaintiff has no possibility of establishing a cause of action in state court against the sham defendant."). If there is a possibility that Plaintiffs could amend the pleading to state a cause of action against the allegedly sham defendant, then remand is warranted. *See Padilla*, 697 F. Supp. 2d at 1159.

---

[6] Plaintiffs claim they can plead causes of action for negligent misrepresentation, (*see* Reply at 4–5), and negligence, (*see* Reply at 10–11), against Baker and thus, removal was improper. The Court determines removability of a complaint at the time of removal. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (finding that "jurisdiction must be analyzed on the basis of pleading filed at the time of removal") (citing *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998)). At the time of removal, Plaintiffs pleaded six causes of action, none of which included negligent misrepresentation or negligence. (*See* Compl.) The Court declines to consider causes of action that were not pleaded in the operative complaint to determine whether Baker is a sham defendant. *See Stelzer v. CarMax Auto Superstores Cal., LLC*, No. 13-CV-1788 BAS JMA, 2014 WL 3700269, at *2 (S.D. Cal. July 24, 2014) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00637 BRO (SKx)** | Date | March 17, 2017 |
|---|---|---|---|
| Title | **HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL.** | | |

### 1. Plaintiffs' Intentional Infliction of Emotional Distress Claim

Travelers argues that Plaintiffs are unable to state a claim for intentional infliction of emotional distress because "Health Pro is a corporation incapable of emotions." (Opp'n at 7.) Defendant also avers that "[o]fficers and directors of a corporation are not insureds under a policy issued to a corporation." (Opp'n at 7 (citing *Republic Indemn. Co. v. Schofield*, 47 Cal. App. 4th 220, 227 (Cal. Ct. App. 1996)). On that basis, Defendant concludes that because "Dr. Ginzburg was not a named insured under the Policy and could not submit an individual insurance claim under the Policy[,]" Baker's handling of the claim cannot constitute outrageous conduct against Ginzburg. (*See* Opp'n at 7–8.) Further, Defendant claims Ginzburg is not covered under the Policy; therefore, he "could not submit an individual insurance claim under the Policy" and fails to possess "derivative right to sue Mr. Baker." (Opp'n at 8.)

Plaintiffs contend that Ginzburg's status as a third party beneficiary under the Policy means "he need not establish physical injury to state a claim" for IIED against Baker. (Reply at 8.) Further, the Plaintiffs argue the Policy covers "executives, officers, directors, and shareholders," which includes Ginzburg. On that basis, Plaintiffs maintain that Ginzburg can submit an IIED claim against Travelers. (*Id.*)

California courts have repeatedly held that insurance plans' and adjusters' "conduct in handling a claim may result in liability for intentional infliction of emotional distress." *See Bock v. Hansen*, 225 Cal. App. 4th 215, 235 (Cal. Ct. App. 2014) (considering on the merits whether the insureds' evidence created a triable issue of fact with respect to their IIED claim against their claims handler); *Hailey v. Ca. Physicians' Serv.*, 158 Cal. App. 4th 452, 473 (Cal. Ct. App. 2007), *as modified on denial of reh'g* (Jan. 22, 2008) (citing *Moradi–Shalal v. Fireman's Fund Ins. Co.*, 46 Cal. 3d 287, 304–05 (Cal. 1988)); *Hernandez v. Gen. Adjustment Bureau*, 199 Cal. App. 3d 999, 1007 (Cal. Ct. App. 1988) (holding that claimant stated cause of action for intentional infliction of emotional stress against insurance adjuster for intentionally delaying payment of benefits); *Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, (Cal. Ct. App. 1970)

Case 2:17-cv-00637-BRO-SK Document 23 Filed 03/17/17 Page 10 of 15 Page ID #:930

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00637 BRO (SKx)** | Date | March 17, 2017 |
|---|---|---|---|
| Title | **HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL.** | | |

(affirming damages awards in action by insured against disability insurer and one of its officers for intentional infliction of severe emotional distress).

Nevertheless, Defendant Travelers is correct that under California law, a corporation lacks standing to pursue an IIED claim. *See Huntingdon Life Sci., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1260 (Cal. Ct. App. 2005). Travelers cites *Tan Jay* for the proposition that "[a]n individual does not become entitled to a damage award for injuries sustained by another, and a corporation is a distinct legal entity apart from its shareholders. *See Tan Jay Internat., Ltd. v. Canadian Indem. Co.*, 198 Cal. App. 3d. 695, 706 (Cal. Ct. App. 1988). However, the *Tan Jay* court also explained that "these principles have no relevance in the case at bench, because plaintiff Nygard *sued for injuries to himself.* Canadian's comprehensive business *policy issued to and paid for by Tan Jay also included plaintiff Nygard as named insured.*" *Tan Jay*, 198 Cal. App. 3d at 707 (emphasis added).

Defendant maintains that "any allegedly wrongful conduct in connection with the handling of the claim cannot constitute 'outrageous' conduct against Dr. Ginzburg as he was not an insured or a claimant." (Opp'n at 8.) Ginzburg is not a named insured in the Common Policy Declarations. (*See* Declaration of Blake J. Lindemann, Ex. A (Dkt. No. 15-1 (hereinafter "Policy") at 23[7]).) Nevertheless, "Section II – Who is an Insured" in the Policy's Commercial General Liability Coverage Form explains that:

1. If you are designated in the Declarations as: . . .

    d.  An organization other than a partnership, joint venture or limited liability company, you are an insured. *Your "executive officers" and directors are insureds*, but only with respect to their duties as your officers or directors. *Your stockholders are*

---

[7] Due to the non-sequential numbering of the various Policy documents, the Court cites to the Bates page numbering, rather than the individual documents' page numbers in the Policy. (*See* Dkt. No. 15-1, Ex. A.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00637 BRO (SKx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL. | | |

> *also insureds*, but only with respect to their liability as stockholders.

(Policy at 103 (emphasis added).) Plaintiffs argue Ginzburg "falls under each category" in Section II. (*See* Reply at 8; *see also* Compl. at 2, ¶ 6.)

Viewing the facts in a light most favorable to Plaintiffs, the Court finds enough evidence to support the inference that the Policy covers Ginzburg, who owned all the shares in Health Pro. *See Scott v. Citizen's Commc'ns*, No. 2:07-cv-1432-GEB-DAD, 2007 WL 2904011, at *3 (E.D. Cal. Oct. 1, 2007) (finding that, when evaluating whether a motion to remand should be denied because of a sham defendant, the "allegations in Plaintiff's Complaint are construed in the light most favorable to Plaintiff and all reasonable inferences are drawn in Plaintiff's favor"); *see also Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). And as in *Tan Jay*, Ginzburg is suing for "injuries to himself."[8] (*See* Compl. at 15, ¶ 57.)

A claim for IIED requires Plaintiffs to show: (1) Baker engaged in extreme and outrageous conduct with the intent of causing, or reckless disregard for the probability of causing, severe emotional distress; (2) Plaintiffs suffered severe or extreme emotional distress; and, (3) Baker's outrageous conduct was the actual and proximate cause of Plaintiffs' distress. *See Cochran v. Cochran*, 35 Cal. App. 4th 488, 494 (Cal. Ct. App. 1998). Further, Baker's conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Id.* For example, a defendant's behavior is considered outrageous if he: "(1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injuries through mental distress; or[,] (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress." *Bogard v. Emp'r Cas. Co.*, 164 Cal. App. 3d 602, 616 (Cal. Ct. App. 1985). Additionally, Baker must have engaged

---

[8] Because Defendants fail to offer clear and convincing evidence that Ginzburg (as a shareholder) is not an insured under the Policy, and because Ginzburg brings the IIED claim for injuries to himself, Defendants' argument that Ginzburg "cannot as a matter of law personally recover emotional distress damages for injury to the corporation in which he holds shares[,]" (Opp'n at 8), is similarly unpersuasive.

Case 2:17-cv-00637-BRO-SK   Document 23   Filed 03/17/17   Page 12 of 15   Page ID #:932

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00637 BRO (SKx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL. | | |

in such conduct "with the realization that injury [would] result." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 210 (Cal. 1982).

Plaintiffs pleaded facts to support an IIED claim against Baker. Specifically, Plaintiffs allege Defendants Travelers and Baker: (1) abused a position of power; (2) were aware "Plaintiff is susceptible to injuries through mental distress"; and, (3) "intended to cause severe emotional distress to Plaintiffs." (*See* Compl. at 13, ¶¶ 53–56.) Further, Plaintiffs contend Defendants' extreme and outrageous caused distress "beyond mere insults and hurt feelings," (*Id.* at 13, ¶ 52). *See Haley v. Cohen & Steers Capital Mgmt., Inc.*, 871 F. Supp. 2d 944, 960 (N.D. Cal. 2012) (finding that "liability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities").

While some of Plaintiffs' allegations are presently stated in a conclusory manner, "the question is simply whether there is any possibility that [P]laintiff will be able to establish liability" for IIED against Baker. *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000); *see Martinez v. Michaels*, CASE NO. CV 15-02104 MMM (Ex), 2015 WL 4337059, at *10 (C.D. Cal. July 15, 2015) ("[E]ven where the allegations underlying an IIED claim appear to be relatively weak, courts generally do not find fraudulent joinder, given that the sufficiency of the plaintiff's factual allegations is of limited import in deciding a motion to remand attacking a removal based on fraudulent joinder." (alteration and internal quotation marks omitted)). The Court finds that any pleading deficiencies in Plaintiffs' Complaint regarding the IIED cause of action against Baker might be cured by amendment. *See Padilla*, 697 F. Supp. 2d at 1169–70 (remanding a case where defendant failed to meet its burden to establish that "Plaintiff could not amend her pleadings and ultimately recover" against the defendant); *see also Padilla*, 697 F. Supp. 2d at 1169–70 (remanding a case where defendant failed to meet its burden to establish that "Plaintiff could not amend her pleadings and ultimately recover" against the defendant).

In light of the abovementioned authority and analysis, the Court finds that Defendants failed to meet their burden of establishing by clear and convincing evidence

Case 2:17-cv-00637-BRO-SK Document 23 Filed 03/17/17 Page 13 of 15 Page ID #:933

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00637 BRO (SKx)** | Date | March 17, 2017 |
|---|---|---|---|
| Title | **HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL.** | | |

that Plaintiffs cannot possibly establish the IIED claim against Baker.[9] *See Rader v*, 941 F. Supp. 2d at 1194 ("The defendant must demonstrate that plaintiff has no possibility of establishing a cause of action in state court against the sham defendant.").

### C. The Court Lacks Subject Matter Jurisdiction

Removal was improper (and remand is appropriate) because this Court lacks subject matter jurisdiction over this action. Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar*, 519 U.S. at 67–68.

The diversity of citizenship requirement is not met because the Plaintiffs are not completely diverse from Baker and Travelers. If a court finds that parties were fraudulently joined, the court may ignore the citizenship of those parties joined in state court and retain jurisdiction over the removed action. *See Ritchey*, 139 F.3d at 1320; *see also Navarro Sav. Ass'n v. Lee*, 446 US 458, 460–61 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *Chinn v. Am. Airlines, Inc.*, 843 F.2d 501 (9th Cir. 1988) (quoting *Wilsey v. Eddingfield*, 780 F.2d 614, 615 (7th Cir. 1985)) ("The focus of the jurisdictional inquiry is on the real party in interest; 'the citizenship of the real party in interest is determinative in deciding whether the district court has diversity jurisdiction.'"); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).

Travelers argues that this Court should disregard Baker's citizenship for purposes of determining whether the Court has removal jurisdiction over Plaintiff's action. (*See* Removal ¶ 12.) As explained above, the Court finds Travelers has failed to establish that Baker was joined as a sham defendant. Because Travelers failed to establish that Baker is a sham defendant, Baker's citizenship may not be disregarded for purposes of diversity of

---

[9] Because the Court finds Plaintiffs *could* state a viable cause of action for IIED against Baker, it need not address Defendant's contentions with respect to claims against Baker for intentional interference with prospective economic advantage and conspiracy to defraud.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00637 BRO (SKx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL. | | |

citizenship in this case. Accordingly, the Court considers both Travelers's and Baker's citizenship for removal jurisdiction purposes.

A party is a citizen of the state in which they are domiciled. *Gilbert v. David*, 235 U.S. 561, 569 (1915). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). When determining a corporation's principal place of business for purposes of diversity jurisdiction, courts refer to the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). A corporation's principal place of business is where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination." *Id.*

The Court finds that: (1) Travelers is a citizen of Connecticut, the state in which it is incorporated and maintains its principal place of business, (*see* Removal ¶ 10); (2) Baker is domiciled in California, the state in which he resides, (Compl. at 3, ¶ 8; Removal ¶ 12); and, (3) Plaintiff Dr. Ginzburg is domiciled in California, the state in which he has worked for years and continues to reside, and thus, has maintained his domicile, (Compl. at 2, ¶ 6; Removal ¶ 8). Because both Plaintiff Ginzburg and Baker are citizens of California, the Court finds that the diversity of citizenship requirement for removal jurisdiction is not met. Thus, this Court does not have subject matter jurisdiction over Plaintiffs' action and remand is appropriate.

### D. Plaintiffs' Request for Attorney's Fees

Plaintiffs request that the Court award attorneys' fees based on the allegation that Travelers' removal was improper. (*See* Mot. at 6.) Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has explained that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, (2005). Thus, "[a]bsent unusual circumstances," a district court may award fees under

| Case No. | CV 17-00637 BRO (SKx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | HEALTH PRO DENTAL CORP. ET AL V. TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ET AL. | | |

§ 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir.2008). If the standard were otherwise, attorney's fees would be a matter of right whenever a case is remanded. *Id.*

Although the Court holds that although removal was improper, the Court finds that Travelers had a reasonable basis for attempting removal. Therefore, the Court **DENIES** Plaintiffs' request for attorneys' fees. *See Steel v. Fed. Exp. Corp.*, No. CV 14-08192-DMG, 2015 WL 1475942, at *4 (C.D. Cal. Mar. 31, 2015) (declining to award fees and costs under § 1447(c) where the defendant "failed to meet its burden in supporting removal" but nevertheless had an objectively reasonable basis for attempting to remove the case).

## V. CONCLUSION

For the foregoing reasons, the Court finds that Travelers failed to sufficiently establish fraudulent joinder and the complete diversity requirement is not met. Therefore, the Court **GRANTS** Plaintiffs' Motion to Remand **HEREBY REMANDS** this matter to the Los Angeles Superior Court. In addition, the Court **DENIES** Plaintiffs' request for attorneys' fees.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |